GERRY WILLIAMS/D-77087/C4-129
CALIFORNIA STATE PRISON-LAC
P.O. BOX 8457,
LANCASTER, CA 93539-8457



FILED

APR 24 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GERRY WILLIAMS,
    Plaintiff,

Vs.

CLEMENT OGBUEHI, et al.,
    Defentands.

CASE No. 1:19-cv-00855 EPG (PCO

OBJECTION TO MAGISTRATE JUDGE'S
FINDING AND RECOMMENDATIONS

    This is a 42 U.S.C. §1983 action filed by Plaintiff, Gerry Williams, for deliberate indifference to a serious medical need against Defendants Clemane Obguehi and Wayne Ulit.

    Plaintiff objects to the Magistrate Judge's Finding and Recommendations to dismiss Plaintiff's 42 U.S.C. §1983 civil claim for deliberate indifference to a serious medical need. Plaintiff is an inmate at California State Prison-LAC, who at the time of his deprivation of medical care was confined at Kern Valley State Prison (KVSP), who was dignosed with Hep-C and cirrhosis of the Liver, requiring interferon treatment. Plaintiff requested a transfer from KVSP based on the fact that KVSP is a Valley Fever hot spot

(1)

and that Plaintiff suffers from Hep-C and that Hep-C treatment weaken the immune system making Plaintiff more susceptible to valley fever.

Plaintiff was evaluated on February 11, 2013, by A.Manasrah,M.D. who documented that Plaintiff is Hep-C positive. On October 17, 2013, Plaintiff submitted a Health Care Service Request Form stating that he was experiencing excruciating pain in the upper right side, which he believed may be related to Hep-C causing liver damage or kidney damage.

Plaintiff evaluated by RN German on December 2, 2013, who recorded that Plaintiff has a history of Hep-C.

For more than thre years, Plaintiff complained to Defendant Wayne Ulit that he was having excruciating pain in his upper right side and that he believe that his Hep-C was getting worse. Yet, Defendant Wayne Ulit stated that he would not give Plaintiff the treatment because the medication is very expensive and Plaintiff had to be under 55 years old to receive the treatment.

### A MATERIAL FACT EXISTS AS TO WHETHER DEFENDANTS WERE DELIBERATE INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

In 1976, the United States Supreme Court recognized that by embodying "Broad and idealistic concepts of dignity, civilized standards, humanity, and decency," the Eighth Amendment prohibits the "deliberate indifference to a serious medical need of prisoners," holding that it "constitutes the unnecessary and wanton infliction of pain." Estelle Vs. Gamble, 429 U.S. 97, 102-4(1976)(internal citation and quotations omitted). "A determation of 'deliberate indifference' involves an examination of two elements:The seriousness of the prisoner's medical need and the nature of the Defendant's response to that need." McGuckin Vs. Smith, 974 F.2d 1050, 1059(9th

(2)

Cir. 1992)

The Magistrate Judge do not appear to directly deny the fact that Plaintiff had a legitimate serious medical need. The Magistrate Judge stated that "Plaintiff alleges that he has had Hep-c for 18 years, and now has cirrhosis of the liver. Construing the factual allegations in favor of Plaintiff, Plaintiff has sufficiently alleged that he has a serious medical need."

The overwhemling evidence establishes that Plaintiff was suffering from excruciating pain in his upper right side that he believes was the Hep-C affecting his lever. The record show that Plaintiff suffer from Hep-C which has now elevated to cirrhosis of the liver.

The Defendants stood by while Plaintiff was suffering severe pain and faced a high likehood of contracting cirrhosis of the liver which has now occurred. A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin 874 F.2d at 1059(quoting Estelle, 429 U.S. at 104.)

The United States Supreme Court has indicated that a medical need is sufficiently serious if it is not identified with the "routine discomfort that is part of the penalty that criminal offenders pay for their offense against society," Id. (citing Hudson Vs. McMillian 503 U.S. 1,8-9 (1992), or pain or suffering which no one suggests would serve any penological purpose." Estelle 429 U.S. 103. In making this determination, Ninth Circuit case law counsels examining such factors as whether a "reasonable doctor or patient would find [it] important and worthy of comment or treatment," whether there is "the presence of a medical condition that significant affects an individual's daily activities, or whether the inmate has a

(3)

"chronic and substantial pain." McGuckin 974 F.2d 1059-60.

Plaintiff's conditions surpasses these criteria. For more than three years, Plaintiff complained to Defendant Wayne Ulit that he was having excruciating pain in his upper right side and believed his Hep-C was getting worse. On or about November 29, 2016, Plaintiff was evaluated by Defendant Clement Obguehi who reviewed Plaintiff's medical history and discovered that Plaintiff was Hep-C positive. Plaintiff explained that he has been experiencing excruciating pain in the upper right side for four or five years and has not received any treatment.

This condition is important and worthy of comment and treatment, and the failure to treat Plaintiff's Hep-C condition has resulted in further significant injury and prolong chronic pain (cirrhosis of he liver)(id.)

Plaintiff should have been given some type of medical treatment for his Hep-C as soon as possible. His severe pain, and high risk of suffering an imminent liver damage, constitute the unnecessary and wanton infliction of pain, particularly since no one suggests that this pain served any penological purpose. As such, Plaintiff's medical needs were sufficiently"serious."
The Magistrate Judge stated that "Plaintiff does not allege facts showing a deliberate indifference to his medical needs. Plaintiff explains in detail how he believes that he should be receiving a certain type of treatment for Hep-C based on new reseach and developments in medicine. He certaintly alleges that he disagrees with the medical treatment, or lack thereof, that was given to him."

The evidence show that Plaintiff has Hep-C and was not receiving any kind of treatment at all.

Plaintiff "need not show that [the Defendants] acted of failed to act believing that harm actually would befall [Plaintiff]; it is enough to show that they acted despite [their] knowledge of a substantial risk of serious harm." Farmer Vs. Brennan, 511 U.S. 825, 842(1994), See Id. at 836(noting that the mens rea for medical care claims is not as high as the standard for excessive force claims). Whether the defendants had the requisite state of mind "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." Id. at 842 A "factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."

Cognizant of Plaintiff's condition, and after multiple request urging the Defendants to provide some form of relief from the excuriating pain, Defendants Wayne Ulit and Clement Ogbuehi still chose not to take any appropriate action.

### THE DEFENDANTS WERE DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS.

"The requirement of deliberate indifference is less stringent in cases involving a prisoner's medical needs than in other cases involving harm to incarcerated individuals because the State's responsibility to provide inmates with medical care ordinarly does not conflict with competing administrative concerns." McGucin, 974 F.2d at 1060. The Two minimum conditions required to establish deliberate indifference are:(1)that there was some purposeful act of failure to act on the part of the Defendant[s], and (2)the deliberate indifference was harmful. Id. Once those prerequisites are met, it is up to the factfinder to determine whether or not the Defendants was 'deliberate indifferent' to the prisoner's medical needs." Id. However, "neither a finding that a defendant's actions

are egregious or that they resulted in significant injury to a prisoner is required in order to establish a violation of the prisoner's federal constitutional rights." Id. at 1061.

The evidence shows that because Plaintiff did not receive medical treatment for his Hep-C, his severe pain prolonged and continued to worsen, and now has developed into cirrhosis of the liver.

Plaintiff's liver is heterogeneous echogenicity and exhibits a nodular surface contour consistent with cirrhosis, consisting of disimilar or diverse ingredients of constituents:mixed.

According to the ultrasound of Plaintiff's liver, the image of the transverse and longitudinal static of the upper quadrant of the abdomen are suboptimal due to body habitus. Doctor C. Chult, a liver specialist, recommended dynamic enhanced adbominal CT, which was not ordered by Defendants Wayne Ulit or Clement Ogbuehi.

Plaintiff's liver also exhibits a nodular small mass of round irregular shape lump of a mineral or meneral aggregate, a swelling on the leguminous root that contains symbiotic bacteria, thus a small abnormal knobby bodily protuberance as a tumorous growth or a calcification near the joint.

The Defendants and their agents responded to Plaintiff's Health Care Appeal with a guideline for treatment of Hepatitis C virus that had been revised long after Plaintiff became effected with cirrhosis of the liver.

> "The guidelines for treatment of Hepatitis C virus infected patients are outlined in the California Correctional Health Care Guide:Hepatitis C (December 2017) that can be found in your institution's law library."
>
> "After review, no intervention at the Director's Level of Review is necessary as your medical condition has been evaluated and you are receiving treatment deemed medically necessary."

It should be noted that Plaintiff was not receiving any medical

(6)

treatment for the Hep-C or the Cirrhosis of the liver.

The Magistrate Jusge stated that "Plaintiff's medical history and treatment were reviewed by multiple doctors who confirmed that he did not require the treatment he was requesting. There are no allegation suggesting that either defendant believe that Plaintiff should be receiving the treatment he requested yet failed to provide those treatments."

As mentioned above, Doctor C. Chult, a Liver Specialist, recommended dynamic enhanced abdominal CT, which was not ordered by either Defendant.

In Sealock Vs. Colorado, 218 F.3d 1205(10 Cir.2000), the Tenth Circuit considered a case in which an inmate alleged that prison guards were deliberate indifferent to his request for medical care when he complained of severe chest pain. Id at 1207-8. In reversing the district court's decision to grant defendant's motion for summary judgment, the court held that the plaintiff "did not present specific medical evidence of damage to his heart resulting from the [guards'] delay. Even if appellant failed to show that his heart was damaged by the delay, however, we believe he has shown that his need was sufficiently serious to require prompt medical attention."
Id. at 1210.

The Defendants knew that Plaintiff was suffering from Hep-C and that Hep-C could develop into cirrhosis of the liver yet they stood by and allowed Plaintiff's condition worsen. Plaintiff now has cirrhosis of the liver.

WHEREFORE, Plaintiff request that the Court issue an Order granting Plaintiff's Objection to the Magistrate Judge's Finding and Recommendations.

RESPECTFULLY
SUBMITTED,

DATED: _APRIL 18,___, 2020

_____Gerry Williams_____
GERRY WILLIAMS/PLAINTIFF/IN PRO SE

## PROOF OF SERVICE BY MAIL

I, <u>GERRY WILLIAMS</u>, declare that I am a resident of California State Prison, over the age of 18 years, a citezen of the United States, and a party to the within action. My address is P.O. Box 8457, Lancaster, CA 93539-8457.

I served the attached: <u>OBJECTION TO THE MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION</u>, by placing a true and correct copy thereof in a sealed envelope with postage fully pre-paid in the United States mail addressed to the following:

> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF CALIFORNIA
> 2500 TULARE STREET, ROOM 1501
> FRESNO, CA 93721-2201

I, <u>GERRY WILLIAMS</u>, declare under the penalty of perjury that the foregoing is true and correct.

Executed on this __18TH__ day of __APRiL__, 2020, at P.O. Box 8457, Lancaster, CA 93539-8457.

_Gerry Williams_
DECLARANT