UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>                              Plaintiff,<br><br>       v.<br><br>CLEMENT OGBUEHI, et al.,<br><br>                              Defendants. | Case No. 1:19-cv-00855-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA *DUCES TECUM*, WITHOUT PREJUDICE<br><br>(ECF No. 51) |

Gerry Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding against defendants Ogbuehi and Ulit based on allegations that Plaintiff's Hepatitis C "went untreated despite his reports of excruciating pain," and that "he received no treatment for his pain associated with Hepatitis C and cirrhosis." (ECF No. 24, p. 2).

On August 11, 2022, Plaintiff filed a motion for the issuance of a subpoena *duces tecum*. (ECF No. 51). Plaintiff asks for permission to subpoena electronically stored information from Janet Bragg, a Communication Resource Manager at the California Department of Corrections and Rehabilitation ("CDCR"), and Krissi Khokhobashvili, the Chief of Strategic Communication and External Affairs at CDCR. In particular, Plaintiff requests a video that is broadcasted on the Wellness Channel at California Substance Abuse Treatment Facility twice a day. Plaintiff alleges that this video shows the procedure Defendants were supposed to use to cure Plaintiff's Hepatitis

1

C before it progressed to cirrhosis of the liver, as well as the extent of Plaintiff's liver condition and its irreversible status.

The Court will deny Plaintiff's motion, without prejudice.  The Court informed Plaintiff that:

> If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court.  In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party.  If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d).  However, the Court will consider granting such a request only if the documents sought from the non-party are not obtainable from Defendant(s) through a Rule 34 request for production of documents.

(ECF No. 58, p. 4).

Plaintiff identified the information he is seeking and the individuals he is seeking it from.  He also explained why he believes the information is relevant to his case.  However, while Plaintiff alleges that this video is only available through third-parties, Plaintiff has not adequately shown that the information is not available through a Rule 34 request to Defendants.  In their scheduling statement, Defendants indicated that they "do not believe that a third-party subpoena directed to CDCR will be necessary to obtain relevant documents."  (ECF No. 44, p. 4).  Despite this, Plaintiff did not request the documents from Defendants before filing this motion.

If Defendants object to the discovery request because the information is in the possession, custody, or control of the CDCR and not Defendants, Plaintiff may renew his motion for the issuance of a subpoena.

\\\

\\\

\\\

\\\

\\\

\\\

2

Accordingly, IT IS ORDERED that Plaintiff's motion for the issuance of a subpoena *duces tecum* is DENIED, without prejudice to Plaintiff renewing the motion if Defendants respond to Plaintiff's discovery request by stating that the requested information is not in their possession, custody, or control.

IT IS SO ORDERED.

Dated:   **August 15, 2022**                              /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE