UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>                                         Plaintiff,<br><br>            v.<br><br>CLEMENT OGBUEHI, et al.,<br><br>                                         Defendants. | Case No. 1:19-cv-00855-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS *IN LIMINE*, WITHOUT PREJUDICE<br><br>(ECF No. 54) |

Gerry Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 31, 2022, Plaintiff filed motions *in limine*. (ECF No. 54). Plaintiff asks for certain evidence and arguments to be excluded at trial. Plaintiff also asks to be permitted to wear civilian clothing without restraints at trial.

The Court will deny Plaintiff's motions as premature. As the Court informed Plaintiff, "[i]f this case is still proceeding after dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set expert disclosure deadlines, a telephonic trial confirmation hearing, pretrial deadlines, and a trial date." (ECF No. 47, p. 6) (footnote omitted). The deadline for the filing of dispositive motions is currently set for March 24, 2023. (Id. at 5). As the telephonic trial confirmation hearing (the pretrial conference), pretrial deadlines, and the trial have not been set, and as these deadlines will not be set in the near future, the Court finds that

Plaintiff's motions are premature. In his pretrial statement, Plaintiff will have the opportunity to address disputed evidentiary issues.[1] Additionally, the Court may set a deadline for filing motions *in limine*, and at that time Plaintiff may renew these motions *in limine* and/or file additional motions *in limine*.

Accordingly, IT IS ORDERED that Plaintiff's motions *in limine* are denied, without prejudice to Plaintiff renewing the motions at a later stage in the proceedings.[2]

IT IS SO ORDERED.

Dated:   **September 6, 2022**         /s/ Eric P. Grojean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Pretrial statements are required to include "[a] plain, concise summary of any reasonably anticipated disputes concerning admissibility of live and deposition testimony, physical and demonstrative evidence and the use of special technology at trial, including computer animation, video discs, and other high technology, and a statement whether each such dispute should be resolved by motion in limine, briefed in the trial brief, or addressed in some other manner." Local rule 281(b)(5).

[2] Nothing in this order prevents Plaintiff from objecting to and/or moving to strike evidence submitted in support of, or in opposition to, a dispositive motion.