UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLEMENT OGBUEHI, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00855-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 49)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

　　　　Gerry Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding against defendants Ogbuehi and Ulit based on allegations that Plaintiff's Hepatitis C "went untreated despite his reports of excruciating pain," and that "he received no treatment for his pain associated with Hepatitis C and cirrhosis."  (ECF No. 24, p. 2).

　　　　On August 8, 2022, Plaintiff filed a motion for injunctive relief, asking to be transferred to a different institution.  (ECF No. 49).  On August 10, 2022, the Court issued an order providing the Warden of California Substance Abuse Treatment Facility and/or Defendants an opportunity to respond to the motion.  (ECF No. 50).  On August 31, 2022, Defendants filed an opposition to Plaintiff's motion.  (ECF No. 53).  The Warden did not respond.

　　　　Because Plaintiff's motion for injunctive relief appears to be directed at non-defendants,

1 the Court will recommend that it be denied.

## I. SUMMARY OF PLAINTIFF'S MOTION

Plaintiff alleges that on June 30, 2022, he was transferred to California Substance Abuse Treatment Facility. On July 7, 2022, he went to a medical appointment to review the status of his Hepatitis-C and cirrhosis of the liver. Defendant Ogbuehi was the physician, and he asked Plaintiff about his case. Defendant Ogbuehi also made a phone call to his attorney and the Chief Medical Officer, who told defendant Ogbuehi it would be a conflict of interest for him and Plaintiff to be around each other.

As a result, Plaintiff discussed his medical conditions with a registered nurse, who explained to Plaintiff that his cirrhosis is now untreatable. The nurse also made an appointment for Plaintiff to see another doctor on July 12, 2022.

The appointment was rescheduled, and Plaintiff did not see the doctor until July 13, 2022. This doctor also told Plaintiff there was nothing he could do because Plaintiff's liver was scarred and there was irreversible cirrhosis. This doctor prescribed Plaintiff pain medication, but as of August 4, 2022, Plaintiff has not received it.

Based on the materials Plaintiff has read, Plaintiff knows that his condition can be treated/cured or stabilized. Plaintiff believes that he cannot receive adequate medical treatment at California Substance Abuse Treatment Facility due to the presence of defendant Ogbuehi. Additionally, Plaintiff has high risk medical conditions and should be at a prison for high-risk medical inmates. During his Classification Committee hearing, Plaintiff explained that he has a lawsuit against defendant Ogbuehi and that he is afraid of retaliation and further denial of medical treatment.

Plaintiff asks to be transferred to a different institution.

## II. SUMMARY OF DEFENDANTS' OPPOSITION

Defendants argue that Plaintiff's motion should be denied because his "request for a transfer is not sufficiently related to the allegations in his Complaint." (ECF No. 53, p. 1). Additionally, "only the institutional review committees at the Substance Abuse Treatment Facility are uniquely qualified to determine an inmate's institutional placement, and Williams

does not enjoy any constitutional right to a custodial designation." (Id. at 2).

### III.   LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The Court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

## IV.  ANALYSIS

The Court will recommend that Plaintiff's motion for injunctive relief be denied. In his motion, Plaintiff alleges that he was seen by an unidentified nurse and an unidentified doctor, and they both informed him that his cirrhosis is untreatable. Plaintiff disagrees with this medical assessment. Plaintiff believes that his condition can be cured or stabilized. However, there is no claim proceeding against these unidentified medical professions. While Plaintiff attempts to connect the alleged denial of healthcare to defendant Ogbuehi, there is no evidence suggesting that he interfered with Plaintiff's care in any way. According to the allegations in the motion, the conflict of interest was identified, and Plaintiff was seen by different medical professionals. Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion. Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Additionally, there is nothing in Plaintiff's motion suggesting that either defendant has the authority to transfer Plaintiff to a different institution. An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Given this, and that Plaintiff is seeking injunctive relief based on a claim not pled in the complaint, even if Plaintiff is entitled to the relief he is seeking, this is not the appropriate case to seek such relief.

Finally, the Court notes that, based on the Classification Committee Chrono attached to Plaintiff's motion, the Committee found that Plaintiff is "High Risk Medical" and should be transferred to another institution. (ECF No. 49, p. 7). However, there are no allegations suggesting that either defendant participated in the Classification Committee hearing or were involved in any other way. Moreover, it appears that Plaintiff's institution recommended that Plaintiff be transferred. (Id.). If the institution is planning on transferring Plaintiff, it is unclear why a court order for a transfer would be necessary.[1]

---

[1] The Court notes that neither Plaintiff nor Defendants provide any allegations regarding whether this recommendation was, or will be, followed.

Accordingly, the Court will recommend that Plaintiff's motion for injunctive relief be denied.

## V. RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 49) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 7, 2022**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE