UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>C. OGBUEHI, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00855-JLT-EPG (PC)<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND TO DISMISS THIS ACTION<br><br>ORDER DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br>(Docs. 74, 89, 99) |

**I.   BACKGROUND**

In this action, Gerry Williams alleges that his Eighth Amendment rights were violated by two medical providers at Kern Valley State Prison, Physician Assistant Ogbuehi and Dr. Ulit. Plaintiff alleged that the defendants were aware of Plaintiff's serious medical need related to an active Hepatitis-C infection yet were deliberately indifferent to it by failing to provide him medication due to its expense. (*See generally* Doc. 12.)

Defendants filed a motion for summary judgment and argued that the undisputed evidence demonstrated that Plaintiff did not have Hepatitis-C while he was under the medical care of Defendants and, therefore, did not require treatment for Hepatitis-C at the time he interacted with Defendants. (Doc. 74-1 at 11–15.) Plaintiff's Hepatitis-C had cleared on its own before Defendants began treating Plaintiff. (*Id.* at 12.) Furthermore, Defendants regularly saw and treated Plaintiff, ordered various tests and procedures, and monitored his liver. (*Id.* at 12–15.)

1

In support of their motion, Defendants filed Plaintiff's medical records and declaration of B. Feinberg, M.D., a licensed physician and Chief Medical Consultant for the California Correctional Health Care Services (CCHCS) Office of Legal Affairs, who reviewed Plaintiff's medical records. (Docs. 74-5 and 74-6).

Plaintiff opposed Defendants' motion (Doc. 91, 92), and filed his own Motion for Summary Judgment (Doc. 76), followed by filing a revised Motion for Summary Judgement (Doc. 89). In his motion, Plaintiff argued that he was diagnosed with Hepatitis-C in 2010. (Doc. 89 at 3). After he was transferred to another prison in 2012, he sought treatment for Hepatitis-C, but his requests were denied. (*Id.*) For three years, Plaintiff told Defendant Ulit that he was in excruciating pain and believed his condition was getting worse. Ulit denied treatment for Hepatitis-C. (*Id.*) Plaintiff alleges that Defendant Ulit told Plaintiff he would not give Plaintiff the treatment because the medication for Hepatitis-C was expensive. (*Id.*) Plaintiff was evaluated by Defendant Ogbuehi in November 2016 and complained to him of severe pain. (*Id.* at 4.) Plaintiff claimed that Defendant Ogbuehi denied Plaintiff treatment because it was too costly. (*Id.*) By June 2017, Plaintiff had developed cirrhosis of the liver, but Defendants still failed to treat Plaintiff. (*Id.*) In August 2017, a physician reviewed Plaintiff's health record and "found that no focal masses were present and that his viral load was undetectable." (*Id.*) Accordingly, his first level appeal was denied because "there was no clinical indication to warrant the use of Harvoni." (*Id.*) Plaintiff alleges that the inaction of defendants allowed Plaintiff's Hepatitis-C infection to worsen for years. (*Id.*)

Plaintiff did not file a declaration of his own expert either in support of his own motion or to rebut the conclusions of the Defendants' expert Dr. Feinberg.

## II.     FINDINGS AND RECOMMENDATIONS

The assigned magistrate judge entered Findings and Recommendations, recommending that Defendants' Motion for Summary Judgment be granted, and Plaintiff's Motion for Summary Judgment be denied. (Doc. 99.) The magistrate judge found that Defendants presented unrebutted evidence that Plaintiff has been repeatedly tested for Hepatitis-C between 2010 and 2019, and every test for the viral load came back as undetected. (*Id.* at 8–9.) In analyzing this evidence, the magistrate judge cited Dr. Feinberg's declaration that summarized the medical records and offered the opinion that Plaintiff's

claim that Defendants failed "to provide [Plaintiff] with medications to cure Hepatitis-C due to cost is not supported by the medical record . . . [T]he goal of such treatment is to cure someone of Hepatitis-C, as evidenced by an undetectable viral load. If the viral load is undetectable, the individual is considered cured and thus no treatment is indicated." (Doc. 99 at 9, quoting Declaration of Dr. Feinberg, Doc. 74-5, at 12–13.) Likewise, the magistrate judge also quoted Dr. Feinberg's opinion that Plaintiff's claim that he developed cirrhosis of the liver due to Defendants' "refusing to provide him with medications to cure Hepatitis-C is not supported by the medical record. To the extent that [Plaintiff] has developed liver damage, it is unclear to what extent it is due to his prior infection with Hepatitis-C." (*Id.*)

After considering the evidence presented by both parties, the magistrate judge concluded that "Defendants have met their burden of presenting sufficient evidence that demonstrate an absence of a genuine issue of material fact as to whether Plaintiff had a serious medical condition requiring treatment, specifically an active Hepatitis C infection." (*Id.* at 9.)

In considering Plaintiff's motion for summary judgment, the magistrate judge found that Plaintiff submitted evidence that showed that he believed he was suffering from Hepatitis-C but that he failed to refute Defendants' evidence that shows he was incorrect.[1] (*Id.* at 10.) And while Plaintiff pointed to development of cirrhosis of the liver, which he believed resulted from an untreated Hepatitis-C infection, the magistrate judge found that Plaintiff did not counter Defendants' explanation that the cirrhosis could have developed from his earlier Hepatitis C infection, even if it had cleared by that time, or from another reason. (*Id.* at 11.)

As to Plaintiff's assertion that Dr. Ulit "did not treat the cirrhosis" (Doc. 91 at 5), the magistrate judge found that Plaintiff's complaint alleged only the failure to treat Hepatitis C due to the expense of the medication, and that this claim was the only claim that was allowed to proceed after the Ninth Circuit's remand. (Doc. 99 at 11.)

///

---

[1] As Dr. Feinberg explains, though Plaintiff had developed *antibodies* to the disease, there is no evidence that he had the disease at any time between 2010 and 2023. (Doc. 74-5 at 4) Rather, Dr. Feinberg opines that Plaintiff was "likely one of the approximately 15-50% of the individuals infected with HCV . . . who are able to spontaneously clear the virus on their own without treatment." *Id.*

3

### III. OBJECTIONS.

Plaintiff timely filed objections. (Doc. 100.) Plaintiff argues that the magistrate judge "engaged in a credibility determination when it considered the evidence presented by the Defendants and that presented by the Plaintiff." (*Id.* at 3.) Plaintiff argues that even though he alleged "he had been suffering from excruciating pain for four or five years," the magistrate judge "did not construe Plaintiff's claim of pain and suffering" in violation of Fed. R. Civ. P. 8. (*Id.* at 3–4.)

Plaintiff also argues that he presented evidence that "his Hepatitis- C infection has progressed to End-Stage Cirrhosis of the Liver while under the care of the Defendants." (*Id.* at 4.) He alleges that while he was under care of Defendant Ogbuehi, he submitted a Health Care Service Request Form, which stated "Need to see doctor for excruciating pain in hips on both sides. (arthritis) need sufficient pain medication." (*Id.* at 4.)

Plaintiff further argues that his "Hepatitis-C infection was a serious medical need that required prompt medical attention." (*Id.* at 4–5). Plaintiff objects to magistrate judge's reliance on Dr. Feinberg's declaration. (*Id.* at 6.) Plaintiff argues that the declaration is "contradictory and should have been excluded. Dr. Feinberg stated that he reviewed Plaintiff's medical records from 2010, the earliest [Dr. Feinberg] was able to access electronically, through June 2023." (*Id.* at 6.) Plaintiff disputes Dr. Finberg's statement that "there is repeated evidence showing a prior Hepatitis-C infection that had already been resolved by 2010." (*Id.*) Plaintiff questions how Dr. Feinberg obtained that information if he couldn't access any medical records prior to 2010. (*Id.*)

Plaintiff again alleges that an ultrasound in 2017 showed he had liver cirrhosis. (*Id.*) He reiterates that records at the time show that he was under Defendants' care. (*Id.* at 7.) He argues that Defendants failed to treat Plaintiff even after he was found to have cirrhosis of the liver. (*Id.*) Plaintiff again raises a new claim that he "should have been receiving treatment for scarred liver tissue which was still treatable at F2 Fibrosis." (*Id.* at 8.)

### IV. REPLY TO OBJECTIONS

On April 12, 2024, Defendants filed their reply to Plaintiff's objections. (Doc. 101.) Defendants dispute Plaintiff's assertion that magistrate judge made credibility determinations. They argue that instead, the magistrate judge evaluated the record and found it to be undisputed that "from

4

1  May 2010 through September 2018 . . . [Williams's] viral load for Hepatitis was 'not detected.'" (*Id.*)
2  (quoting Doc. 99 at 4.) Defendants also point out that "Williams did not plead any deliberate
3  indifference regarding the treatment of his cirrhosis, and the Ninth Circuit only permitted his claims
4  relating to Hepatitis-C to move forward." (Doc. 101 at 2.) Finally, Defendants also argue that even
5  though this point was not addressed in Findings and Recommendations, that Plaintiff has not
6  demonstrated in his objections that Defendants acted with deliberate indifference required to make a
7  showing under the Eighth Amendment. (*Id.*)

**V.    ORDER**

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

First, the Court finds that Plaintiff has not presented any evidence of active Hepatitis-C infection during the relevant period. In his objections, as well as in his own motion for summary judgment and in reply to his own motion, Plaintiff insists that February 11, 2013 note by Doctor Manasrah is proof that Plaintiff was Hepatitis-C positive at that time. (Doc. 100 at 2; Doc 89 at 15; Doc. 97 at 1.) As the magistrate judge has found, "the note actually states regarding HCV 'no hepatotoxins alt 29, ast 15, positive immunity to hep A/B.' . . . All this note indicates is that his liver function tests (ALT and AST) were normal and that he also had antibodies to Hepatitis A and B, not a positive or active Hepatitis-C condition requiring treatment." (Doc. 99 at 10, quoting Doc. 89 at 28.) Plaintiff has presented no other evidence that he had an active Hepatitis-C infection while under Defendants' care, such as a positive test for Hepatitis C viral load.

Second, the Court finds unpersuasive Plaintiff's objection to Dr. Feinberg's declaration and to magistrate judge's "credibility finding." (Doc. 100 at 3–6.) While it is true that "the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party," this mandate premised on the nonmoving party producing direct evidence of a material fact. *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1277 (9th Cir. 2017). Here, however, Plaintiff presented no evidence of a material fact that he had a Hepatitis-C infection during the relevant time period. To the extent Plaintiff cites to his complaint and argues that magistrate judge failed to

1 "construe his claim of pain and suffering," Plaintiff cannot rest on his pleadings in opposing a motion
2 for summary judgment. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
3 Moreover, "pain and suffering" is not a stand-alone claim or even a disputed fact in this proceeding.

Plaintiff also failed to present any evidence that his liver cirrhosis was caused by Hepatitis-C infection that was untreated during the period while he was under Defendants' care. To the contrary, even in his objections Plaintiff acknowledges that cirrhosis may be caused by factors other than Hepatitis-C, such as alcohol:

> Scarring, known as fibrosis [sic], is the liver's effort to keep the damage done by alcohol or the [hepatitis-CJ virus(HCV) contained. But scar tissue can block the blood flow through the liver, resulting in an inability of the liver to perform its normal duties. If alcohol, or HGV, is not eliminated from the body, scarring becomes extensive. The liver becomes rock hard and nodular (lumpy). This condition is known as cirrhosis.

(Doc. 100 at 7.) Further undermining his own argument that Defendants were deliberately indifferent to his medical needs and even if the treatment of his cirrhosis w, Plaintiff acknowledges that "Defendants saw and evaluated Plaintiff during the time in question, ordered various test and procedures, reviewed laboratory results, and monitored Plaintiff's liver condition . . ." (Doc. 100 at 8.) Moreover, the Court agrees with the magistrate judge's finding that Plaintiff has not alleged a claim related to treatment of cirrhosis, only the treatment of Hepatitis-C.

As the magistrate judge stated in her Findings and Recommendations, Plaintiff presented evidence that he believed that he was suffering from Hepatitis-C. (Doc. 99 at 10.) However, the only evidence in the record before the Court of a positive test related to Hepatis C is from 2012, and it is a positive test for Hepatitis C *antibody*. (Doc. 74-6 at 9.) Every test between 2010 and 2018 for Hepatitis C *viral load* was negative. (Doc. 99 7–8, summarizing test results). Plaintiff's own materials, submitted with his Motion for Summary Judgment, show that Care Guidelines for Hepatitis C indicate that when HCV antibody test is positive, but the viral load test is negative, these results indicate "resolved or treated HCV," a false positive, or "an acute HCV with transient viral clearing." (Doc. 89 at 97.) To rule out a chronic infection or reinfection, the same Guidelines recommend re-checking viral load. (*Id.*) This Defendants have done and at no time, was the viral load detectable. (Doc. 99 7–8.) Plaintiff's confusion about what the diagnostic studies indicate as to his Hepatitis-C condition is not

the basis on which this case can proceed past summary judgment. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 15, 2024 (Doc. 99) are **ADOPTED** in full.
2. Plaintiff's Motion for Summary Judgment (Doc. 89) is **DENIED**.
3. Defendants' Motion for Summary Judgment (Doc. 74) is **GRANTED**.
4. All currently pending motions and deadlines are terminated, and this case is **DISMISSED** with prejudice.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 30, 2024**

UNITED STATES DISTRICT JUDGE