# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>CLEMENT OGBUEHI, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00855-JLT-EPG<br><br>ORDER GRANTING MOTION TO STRIKE BILL OF COSTS<br><br>(Doc. 108) |

## I.  INTRODUCTION

Before the Court is Plaintiff's motion to strike Defendants' bill of costs. (Doc. 108.) For the reasons set forth below, the Court grants Plaintiff's motion.

## II.  BACKGROUND

Plaintiff, a state prisoner proceeding in forma pauperis, brought a 42 U.S.C. § 1983 claim against Defendants, licensed medical professionals employed at the prison where Plaintiff is incarcerated. (Doc. 12 at 8.) Plaintiff alleged that Defendants violated his Eighth Amendment rights through deliberate indifference by refusing to treat his Hepatitis C virus, which developed into cirrhosis of the liver. (*Id.* at 15.) Plaintiff's case was initially dismissed for failure to state a claim, (Doc. 18), then appealed to the Ninth Circuit (Doc. 20), where the district court's decision was reversed and remanded, (Doc. 24). The parties filed cross summary judgment motions, (Docs. 74, 89), and the court subsequently granted Defendants' motion for summary judgment

1

while denying Plaintiff's motion for summary judgment, (Doc. 102). Defendants submitted a bill of costs, (Doc. 104), which Plaintiff now moves to strike, (Doc. 108).[1]

### III. LEGAL STANDARD

Costs are awarded to the prevailing party in civil actions as a matter of course absent express statutory provision, "unless the court otherwise directs." Fed. R. Civ. P. 54(d). The rule creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). This list is not "exhaustive . . . of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (citation and internation quotation marks omitted). A district court must "'specify reasons' for its *refusal* to tax costs to the losing party," however, the court need not specify reasons for its "*decision* to abide the presumption and tax costs to the losing party." *Save Our Valley*, 335 F.3d at 945 (quoting *Assoc. of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)) (emphasis in original).

### IV. DISCUSSION

Defendants seek costs in the amount of $633.40 for printed and electronically recorded transcripts, exhibits, additional hours, and processing and remote video conferencing from Plaintiff's deposition. (Doc. 104-1 at 2.) Plaintiff does not dispute the accuracy or reasonableness of this amount. (*See generally* Doc. 108.) Rather, Plaintiff argues that the Court should not assess these costs against Plaintiff because: (1) a significant economic disparity exists between the parties, especially given Plaintiff's financial resources, and (2) that taxing Plaintiff

---

[1] Defendant urges this Court to deny Plaintiff's motion because it was untimely. (Doc. 110 at 2.) "The party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection." Local Rule 292(c). Defendants filed the bill of costs on June 10, 2024, (Doc. 104), Plaintiff filed his motion to strike on June 26, 2024, (Doc. 108), and Defendants filed a notice of errata with the memorandum of support for the bill of costs on July 3, 2024, (Doc. 109). Because federal courts have very wide discretion when interpreting their local rules, *see Lance, Inc. v. Dewco Services, Inc.*, 422 F.3d 778, 784 (9th Cir. 1970), the Court considers Plaintiff's motion to strike and the merits of Defendants' memorandum of support.

would likely have a chilling effect on future civil rights litigation from similarly situated prisoners.  (Doc. 108 at 2.)  Plaintiff asserts that under *Association of Mexican-American Educators*, this Court should exercise its discretion to deny costs.  (*Id.*)  The Court agrees.

"[A] court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources."  *Vaughn v. Wegman*, No. 1:15-CV-01902-LJO-JLT, 2019 WL 1283931, at *2 (E.D. Cal. Mar. 20, 2019).  Though in forma pauperis plaintiffs are not automatically exempted from paying costs, the amount of costs sought by the defendant is weighed against the financial resources of the plaintiff.  *See* 28 U.S.C. § 1915(f)(2)(A) ("Proceedings in forma pauperis . . . .  If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered."); *Meeks v. Parsons*, 2010 WL 2867847, at *1 (E.D. Cal. July 21, 2010).  Plaintiff here is an inmate making merely $0.22 per hour, proceeding in forma pauperis, which undoubtedly qualifies as limited financial resources.  *See Vaughn*, 2019 WL 1283931, at *2; *see also Sewell v. Cornwell*, No. 2:18-CV-02988-JAM-DBP, 2021 WL 663715, at *2 ("[T]he economic disparity between the parties—a prisoner and a state entity—is about as great as one might envision.").  (Doc. 108 at 2.)

Plaintiff also alleges that an award of costs here would have a chilling effect on future actions by "deter[ing] future medical claims against the Defendants and CDCR Official[s]."  (Doc. 108 at 3.)  Though the Court is "what some may call 'inundated' with similar cases filed under section 1983 by indigent inmates, the potential chilling effect of being taxed with costs upon defeat cannot be ignored in cases such as these."  *Vaughn*, 2019 WL 1283931, at *2 (quoting *Draper v. Rosario*, 836 F.3d 1072, 1088–89 (9th Cir. 2016)); *see also Meeks*, 2010 WL 2867847, at *2 (E.D. Cal. July 21, 2010) (denying the defendant's motion to recover costs, in part because "an award has the potential to chill meritorious civil rights actions").  An award of $633.40 against an imprisoned plaintiff may have a chilling effect on future civil rights litigants.

The Ninth Circuit has indicated that civil rights cases concerning the Eighth Amendment are of substantial public importance to protecting the rights and safety of prisoners. *Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016); *see also Staggs v. Doctor's Hospital of Manteca*,

3

No. 2:11-CV-00414-DJC-CSK, 2024 WL 4785141, at *2 (E.D. Cal. Nov. 14, 2024).  Finally, though the Defense motion for summary judgment was granted, the claims did raise fact-dependent issues concerning whether Plaintiff should be prescribed Harvoni, a costly anti-viral drug.  Though the factual analysis ultimately undertaken was not particularly close, the allegations were deemed non-frivolous by the Ninth Circuit.  (*See* Docs. 24, 26.)  Thus, the Court **GRANTS** Plaintiff's motion to strike the bill of costs.

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to strike the bill of costs is **GRANTED**.

IT IS SO ORDERED.

Dated:    **January 14, 2025**

UNITED STATES DISTRICT JUDGE

4